STEPHANIE S. CHRISTENSEN
Acting United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
LAUREN RESTREPO (Cal. Bar No. 319873)
Assistant United States Attorney
Cyber & Intellectual Property Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3825
     Facsimile: (213) 894-2927
     E-mail:    lauren.restrepo@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 22-377-FMO |
|---|---|
| Plaintiff, | GOVERNMENT'S FILING OF OUT-OF-DISTRICT PLEA AGREEMENT FOR DEFENDANT ALEX SCOTT ROBERTS |
| v. | |
| ALEX SCOTT ROBERTS, | |
| Defendant. | |

The government, by and through its attorney of record, the Acting United States Attorney for the Central District of California, hereby files the attached plea agreement between defendant ALEX SCOTT ROBERTS and the United States Attorney's Office for the Middle

///

///

///

District of Georgia in the above-captioned case. This plea agreement is being filed in this district for purposes of permitting defendant to enter a guilty plea in this district pursuant to Fed. R. Crim. P. 20.

Dated: July 7, 2022　　　　　　　　Respectfully submitted,

STEPHANIE S. CHRISTENSEN
Acting United States Attorney

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division

　　　/s/ Lauren Restrepo
LAUREN RESTREPO
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

PETER D. LEARY
United States Attorney
MICHAEL T. SOLIS
Assistant United States Attorney
Chief, Criminal Division
C. SHANELLE BOOKER
Assistant United States Attorney
United States Attorney's Office – Middle District of Georgia
    300 Mulberry Street
    Suite 400
    Macon, Georgia 31201
    Telephone: 478-752-3511
    Facsimile: 478-621-2656
    E-mail:   Shanelle.Booker@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>ALEX SCOTT ROBERTS,<br><br>    Defendant. | Case No. 3:21-CR-00040-CAR-CHW<br><br>PLEA AGREEMENT FOR DEFENDANT ALEX SCOTT ROBERTS |

1.  This constitutes the plea agreement between ALEX SCOTT ROBERTS ("defendant") and the United States Attorney's Office for the Middle District of Georgia ("the USAO") in the above-captioned case. All rights or powers of the USAO under this agreement may be exercised on behalf of the USAO by the United States Attorney's Office for the Central District of California.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

    a. At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the Indictment in United States v. Alex Scott Roberts, Case No. 3:21-CR-40-CAR-CHW, which charges defendant with cyberstalking, in violation of 18 U.S.C. § 2261A(2)(B).

    b. At the earliest opportunity requested by the United States Attorney's Office for the Central District of California and provided by the Court, appear and plead guilty to count one of the Indictment in United States v. Alex Scott Roberts, Case No. 2:20-CR-554-AB -- charged in the Central District of California and filed on November 6, 2020, which charges defendant with a separate count of stalking, in violation of 18 U.S.C. §§ 2261A(2)(A), (B) -- pursuant to a plea agreement between defendant and the United States Attorney's Office for the Central District of California, attached hereto as Exhibit A.

    c. Pursuant to Federal Rule of Criminal Procedure 20(a), agree to a transfer of the above-captioned case to the Central District of California for change of plea and sentencing.

    d. Not contest facts agreed to in this agreement.

    e. Abide by all agreements regarding sentencing contained in this agreement.

    f. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

   g. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

   h. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

   i. Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessment.

THE USAO'S OBLIGATIONS

3. The USAO agrees to:

   a. Not contest facts agreed to in this agreement.

   b. Abide by all agreements regarding sentencing contained in this agreement.

   c. At the time of sentencing, move to dismiss the remaining count of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

   d. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

  e. That the Government will accept the plea of guilty by Defendant in full satisfaction of all possible federal criminal charges in the Middle District of Georgia, known to the United States Attorney at the time of Defendant's guilty plea.

## NATURE OF THE OFFENSE

4. Defendant understands that for defendant to be guilty of the crime charged in count one, that is, cyberstalking, in violation of 18 U.S.C. § 2261A(2)(B), the following must be true: (1) defendant, with the intent to harass or intimidate another person; (2) used the mail, an interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce; (3) to engage in a course of conduct that caused, attempted to cause, or would reasonably be expected to cause, substantial emotional distress to that person, or an immediate family member of that person.

## PENALTIES

5. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Sections 2261A(2)(B) is: 5 years' imprisonment; a 3-year period of supervised release; a fine of $250,000; and a mandatory special assessment of $100.

6. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part

of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

8. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

9.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 11 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning on or about June 10, 2020, in the Middle District of Georgia, and elsewhere, defendant, with the intent to harass and intimidate Minor 1, used an interactive computer service, an electronic communication service, an electronic communication system of interstate commerce, and other facilities of interstate and foreign commerce to engage in a course of conduct that caused, attempted to cause, and would reasonably be expected to cause substantial emotional distress to Minor 1.

Specifically, beginning on June 10, 2020, defendant sent a series of threatening and harassing messages to a 15-year-old girl, Minor 1, who was in the Middle District of Georgia.  In the messages, defendant claimed to possess nude images of Minor 1 and threatened to send the images to Minor 1's parents as "payback" if Minor 1 did not send defendant additional nude images.  Defendant sent harassing and threatening messages to Minor 1 via both text message and Instagram. In response to defendant's threats to send nude images of Minor 1 to her family, Minor 1 sent defendant "selfie" photographs of herself.

Defendant responded by continuing to send Minor 1 harassing messages, including several messages containing edited versions of the "selfie" photographs Minor 1 had sent to defendant in response to his threats.

Defendant admits that he sent the threatening and harassing messages to Minor 1 via text message and Instagram as described in the Indictment. Defendant admits that he sent the messages to Minor 1 with the intent to harass and intimidate Minor 1 and knowing that they would cause substantial emotional distress to Minor 1.

## SENTENCING FACTORS

10. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

11. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level | 18 | USSG § 2A6.2(a) |
| Pattern of Harassment/Stalking | +2 | USSG § 2A6.2(b)(1)(E) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

12. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

13. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

14. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a. The right to persist in a plea of not guilty.

    b. The right to a speedy and public trial by jury.

    c. The right to be represented by counsel – and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the Court appoint counsel – at every other stage of the proceeding.

    d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e. The right to confront and cross-examine witnesses against defendant.

    f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

      g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

      h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF RETURN OF DIGITAL DATA

15. Understanding that the government has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the government may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

## WAIVER OF APPEAL OF CONVICTION

16. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK

17. Defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and

9

impose any portion of the sentence; (b) the term of imprisonment imposed by the Court, provided it is no more than the high end of the Sentencing Guidelines range calculated by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

19. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the

range corresponding to an offense level of 17 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

20. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

21. Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

22. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

23. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

24. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a.  Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b.  Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

25. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

26. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 11 are

13

consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

27. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be at or below the statutory maximum.

## NO ADDITIONAL AGREEMENTS

28. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///
///
///

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

29. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE MIDDLE DISTRICT OF GEORGIA

PETER D. LEARY
United States Attorney

*C. Shanelle Booker*
Digitally signed by CYNEETHA BOOKER
Date: 2022.07.21 20:36:09 -04'00'             July 21, 2022
C. SHANELLE BOOKER                             Date
Assistant United States Attorney

*/s/ Alex Scott Roberts*                       6/27/2022
ALEX SCOTT ROBERTS                             Date
Defendant

*/s/ Catherine M. Williams*                    July 7, 2022
CATHERINE M. WILLIAMS                          Date
Attorney for Defendant ALEX SCOTT ROBERTS

15

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____        6/27/2022
ALEX SCOTT ROBERTS                       Date
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am ALEX SCOTT ROBERTS's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might

16

be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____  July 7, 2022
CATHERINE M. WILLIAMS           Date
Attorney for Defendant ALEX SCOTT ROBERTS

17